**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**BRENDA IVELISSE MATIENZO LOPEZ**<br><br><br><br>**Debtor(s)** | **CASE NO.  15-06967**<br><br>**Chapter   7**<br><br><br>**Adversary No. 16-00123** |
| **WILFREDO SEGARRA**<br><br>            **Plaintiff**<br>**vs.**<br><br>**BANCO POPULAR DE PUERTO RICO**<br><br>            **Defendant(s)** | <span style="color:red">**FILED & ENTERED ON 10/19/2016**</span> |

<u>**ORDER**</u>

In the present case, the assigned chapter 7 trustee Wilfredo Segarra Miranda ("Trustee"), filed a *Complaint* against Defendant Banco Popular de Puerto Rico ( "BPPR"), to avoid Defendant's lien over debtor Brenda Ivelisse Matienzo Lopez's, (hereinafter, "Debtor") apartment pursuant to 11 U.S.C. §§ 544, 549 and 551. [Dkt. No. 1].Shortly thereafter, Debtor filed a *Motion to Quash Adversary Proceeding for Cause* claiming that the property at issue belongs to Debtor and therefore, Trustee has no claim or interest over the same. [Dkt. No. 5]. On July 13, 2016, the Trustee filed an *Opposition to Debtor's Motion to Quash Proceedings for Cause* claiming that Debtor is not a party

in the adversary proceeding and therefore, does not have standing to file a motion. [Dkt. No. 11].

Federal Rule of Civil Proceeding 24, made applicable to bankruptcy matters under Federal Rule of Bankruptcy Proceeding 7024, states that in relevant part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
…
(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

An adversary proceeding is a different and independent case filed within a bankruptcy case. Thus, the parties in the bankruptcy case are not always the same as the adversary proceeding. For Debtor to intervene, she has to comply with the requirements of Fed. R. Bankr. P. 7024 and obtain an order from the court. Therefore, at this stage in the proceedings, Debtor has no right to appear in the adversary, nor seek the dismissal of the Complaint. The Debtor's *Motion to Quash Adversary Proceeding for Cause* is DENIED without prejudice.

SO ORDERED

San Juan, Puerto Rico, this 19th day of October, 2016.

Brian K. Tester
U.S. Bankruptcy Judge